## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY L. MORAN KALAMAS<br>138 Valencia Circle<br>St. Petersburg, FL 33716<br><br>　　Plaintiff,<br><br>　　　　　　v.<br><br>PENNY PRITZKER,<br>SECRETARY<br>U.S. DEPARTMENT OF COMMERCE<br>1401 Constitution Ave., NW<br>Washington, D.C. 20230<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Kelly L. Moran Kalamas, by her undersigned attorney, brings this action for relief and damages based on the denial of her rights under Title VII of the Civil Rights when the U.S. Department of Commerce (hereafter "Commerce" or "the Agency") discriminated against her based on her sex (female) and retaliated against her for prior EEO activity when the Agency denied her a career ladder promotion from a ZA-III Criminal Investigator position to a ZA-IV Criminal Investigator position.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, 42 U.S.C. § 2000e-5, 29 U.S.C. § 791, *et seq.*

3. Venue is appropriate in this Court under 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff resides at: 138 Valencia Circle, St Petersburg, FL 33716.

5. Defendant, Penny Pritzker, is the Secretary of the Department of Commerce. The Secretary is being sued in her official capacity as provided by law based on her executive responsibility for administering Commerce personnel policies and her responsibility to enforce and to promote equal employment opportunity throughout the Agency. During the relevant time period, Commerce employed well-over 500 employees. The Defendant's address is 1401 Constitution Ave., NW, Washington, D.C. 20230.

6. Tracy Dunn is not a defendant in this lawsuit but was named in Plaintiff's Equal Employment Opportunity (EEO) complaint as a discriminating official. Mr. Dunn was Plaintiff's second line supervisor. His official title was Deputy Special Agent in Charge (DSAC). He worked out of the Southeast Enforcement Division Regional Office and reported to Special Agent in Charge (SAC) Harold Robbins. From October 2011 – December 2013, Mr. Dunn's official title was the Acting Deputy Director for the NOAA Office of Law Enforcement. He worked out of NOAA OLE Headquarters in Silver Spring, Maryland. He reported to Mr. Bruce Buckson, Director, NOAA Office of Law Enforcement. Mr. Dunn is currently the Plaintiff's third line supervisor. His official title is Assistant Director. He works out of the Southeast Enforcement Division Regional Office. He was responsible for discriminating against Plaintiff.

7. Harold Jeff Radonski is not a defendant in this lawsuit but was named in Plaintiff's Equal Employment Opportunity (EEO) complaint as a discriminating official. Mr. Radonski was Plaintiff's first-line supervisor from June 2006 – April 2008. His official title was Assistant Special Agent in Charge. He worked out of the Miami Field Office and reported to DSAC Tracy Dunn. Mr. Radonski served as the Acting Deputy Special Agent in Charge (ASAC) from approximately October 2011 to 2013 while Mr. Dunn was serving as the Acting Deputy Director and worked out of both the Southeast Enforcement

2

Division Regional Office and Miami Field Office.   Mr. Radonski is a member of the Management Team and was the Acting Deputy Special Agent in Charge of the Management Team at the time of the promotional panel.  He was responsible for discriminating against Plaintiff.

8. Mr. Paul Raymond is not a defendant in this lawsuit but was named in Plaintiff's Equal Employment Opportunity (EEO) complaint as a discriminating official.  His official title was Assistant Special Agent in Charge (ASAC).  He worked out of the Titusville Field Office and reported to DSAC Tracy Dunn.  He was responsible for discriminating against Plaintiff. Mr. Raymond was a member of the Management Team at the time of the promotional panel.  He was responsible for discriminating against Plaintiff.

9.   Gregg Houghaboom is not a defendant in this lawsuit but was named in Plaintiff's Equal Employment Opportunity (EEO) complaint as a discriminating official. Mr. Houghaboom was Plaintiff's first-line supervisor from April 2008 – December 2014.   His official title was Assistant Special Agent in Charge. He worked out of the Niceville Field Office and reported to Harold Jeff Radonski from 2011-2013. He was a member of the SED Management Team.  He was responsible for discriminating against Plaintiff.

10. Mark Kinsey is not a defendant in this lawsuit but was named in Plaintiff's Equal Employment Opportunity (EEO) complaint as a discriminating official.  His official title is Assistant Special Agent in Charge.  He works out of the Galveston Field Office and reported to Harold Jeff Radonski from 2011-2013.   He was responsible for discriminating against Plaintiff.

11. Mr. Ron Messa is not a defendant in this lawsuit but was named in Plaintiff's Equal Employment Opportunity (EEO) complaint as a discriminating official.  His official title was Acting Assistant Special Agent in Charge.  He works out of the Miami Field Office and reports to Harold Jeff Radonski.  He was a

member of the SED Management Team which denied Plaintiff's promotion.  Mr. Messa has worked directly for Mr. Radonski as a Special Agent and fulfilled Mr. Radonski's supervisory role while Mr. Radonski was serving as the Acting Deputy Special Agent in Charge. He was responsible for discriminating against Plaintiff.

## FACTS

12.  Plaintiff restates and re-alleges the allegations of the Complaint set forth in paragraphs 1 through 8 above.

13.  The Complainant is a Criminal Investigator, ZA-1811-III, in the Office of Law Enforcement, National Marine Fisheries Service, National Oceanic and Atmospheric Administration (NOAA), U.S. Department of Commerce, located in St Petersburg, Florida.

14.  The Complainant has served as a Criminal Investigator since February 1992 and has held her current grade since February 1998.

15.  The Complainant's first line supervisor since April 2008 is Assistant Special Agent in Charge ("ASAC") Gregg Houghaboom.

16.  The Complainant's first line supervisor from June 2006 through April 2008 was ASAC Harold Jeff Radonski.

4

17. The Complainant's duties as a Special Agent ("SA") are to conduct complex civil and criminal investigations into violations of federal laws and regulations within NOAA's jurisdiction.

18. In August 2007, the Pay Band IV Special Agent promotion was approved and implemented throughout NOAA. The first submission period for this position was March 2008.

19. At that time, the Complainant was informed a limited number of the positions would be available for the Southeast Region, and told the opportunity to submit for the position would be available each spring.

20. At that time, the Complainant assisted with the writing, review and/or submission of promotional packages, which were successfully approved for several SED Special Agents.

21. In October 2008, the second submission for the position was available with new requirements. At that time, DSAC Tracy Dunn informed the Complainant that he and the SED Management thought there should be an "in grade" requirement of at least 10 years prior to an SA submitting a promotional package for the Band IV position.

22. At that time, the Complainant spoke with ASAC Gregg Houghaboom regarding her promotional package possibilities. He gave her advice and suggested she wait another cycle to submit her promotional package. ASAC Houghaboom said that the Complainant's promotional package needed to include cases involving Search Warrants (Administrative Inspection Warrants), court testimony as the lead case agent and cases involving seafood dealers.

23. At the conclusion of the December 2009 promotion cycle, the Complainant learned that SAC Harold Robbins and the SED management panel actively solicited the promotion of SA Emanuel Antonaras, the Complainant's male co-worker.  SA Antonaras had only been at the III grade for two (2) years and had only been an agent for approximately five (5) years.

24. SAC Robbins stated that promotions would no longer be offered annually, and stated that he was aware of this prior to the December 2009 submission deadline.

25. In September 2011, another promotional opportunity occurred, and the Complainant contacted ASAC Houghaboom to let him know she would be applying for the Band IV promotion.

26. The Complainant prepared her promotional package and submitted it for review to three other Band IV Special Agents who each thought that the Complainant's package more than met the requirements.

27. In October 2011, the September 2011 promotional opportunity was rescinded.

28. In December 2011, the Complainant received a call from SA Charles Tyer.  He stated that ASAC Mark Kinsey had informed them that Acting DSAC Radonski and ASAC Raymond said they have made it their mission to ensure the Complainant would not be promoted to Band IV.

29. On December 2, 2011, the Complainant applied for promotion to the Band IV level by submitting her promotion package to ASAC Houghaboom. A total of eight SAs applied for promotion to the Band IV level pursuant to this announcement: Complainant, Kenneth Blackburn (male, no prior EEO activity), John O'Malley (male, no prior EEO activity), Lynn Rios (male, prior EEO activity), Matthew Clark (male, no prior EEO activity), Matthew Roberson (male, no prior EEO activity), James Kejonen (male, prior EEO activity), and Tracey Woodruff (male, no prior EEO activity).

30. On January 24, 2011, the Southeast Division management team consisting of ASAC Raymond, Acting ASAC Messa, ASAC Houghaboom, ASAC Kinsey, and Acting DSAC Radonski ("SED management team") reviewed the submitted promotion packages including Complainant's. The SED management team unanimously agreed to forward the promotion packages for SAs Blackburn, O'Malley, Clark, and Woodruff. Roberson withdrew his application prior to the panel.

31. In March 2012, the Complainant was notified that her promotional package was not forwarded for approval.

32. When SA Antonaras was promoted, he only had two years in grade. The opportunities for casework, training and promotions were provided only to SA Antonaras. Unlike the Complainant, at the time of his promotion, SA Antonaras had never initiated a criminal investigation or testified in court. Complainant provided documentation identifying over 100 work assignments and/or opportunities provided to her co-located male co-worker from 2008- 2011; Major Program Assignments and/or Specialized Training programs provided to her co-located co-workers; and more than 15 Administrative Inspection Warrants and/or Search Warrants assigned to her male co-workers for participation from 2007-2009

33. On October 21, 2011, Mr. Buckson issued a memorandum announcing a new opportunity for Special Agent ("SA") promotions to the Band IV level. The memorandum set a deadline of December 2, 2011 to submit promotion packages for this second opportunity. Mr. Buckson also issued a new version of OLE National Directive No. 165 ("Directive"), replacing the previous iteration dated January 11, 2008. Under this previous version, the Agency promoted SAs to the Band IV level. Emanuel Antonaras (male, no prior EEO activity) who was promoted on February 14, 2010.

34. The OLE National Directive No. 165 for January 11, 2008 and October 21, 2011 governing the promotions to the Band IV level list 21 fundamentals and seven performance proficiencies. For each version of these directives the wording for the 21 fundamentals and seven performance proficiencies are identical. The changes relate to the subjective nature of what constitutes a successful proficiency.

35. The NOAA OLE Directive 165 states the following relating to ASAC Responsibilities:

As the first line supervisor, the ASAC will provide the initial review and recommendation for promotion package. In recommending a candidate for promotion, the ASAC must be able to certify that the candidate is familiar with the requirements, has sufficient training to execute them, and has the cognitive capability to utilize these requirements in investigating cases. Specifically, the ASAC shall:
• Verify that the promotion package meets each of the above specified criteria and format.
• For cases used for which the ASAC was not the supervisor, the ASAC must confirm the agent's case work. For example, verify that the agent was the case agent or performed the specific activities described.
• Serve as an advisor to the agent to support and assist the agent in the preparation of the package.
• Review the package and forward their recommendation to the Division SAC via the Deputy with a memorandum providing his/her assessment of the package and the candidate's readiness for promotion.
• Provide feedback to candidates that are not selected for promotion.

36. The SED Management Panel deviated from the Directive by requiring ALL of the ASAC's to concur for a promotional package to be submitted to the DSAC/SAC for review.

37. The Memo and Counselor Report dated July 5, 2012 by EEO Counselor Coneshea Simpson stated

that, during the initial EEO Investigative process ASAC Houghaboom stated that he believed the Complainant's promotion package submission was sufficient for the second level review. The Counselor stated: "Based on the process, each applicant must meet at least 5 of the 7 basic requirements, which is reviewed initially by the supervisor. The immediate supervisor then decides whether or not to forward the package to the first level promotion review panel, who then decides whether to forward to a third level review for approval. Mr. Houghaboom stated that he believed the Aggrieved promotion package was sufficient for a second level review."

38. After the Complainant filed her formal EEO complaint, ASAC Houghaboom changed his testimony. Houghaboom then stated in his affidavit.

There was a uniform consensus by the ASACs that SA Kalamas' promotional package did not meet the minimum requirements and should not be considered for forwarding to the next level." (ROI, Exhibit 8, p. 12)

39. The NOAA OLE Directive 165 states that "…personnel may have their experience and expertise evaluated against a set of criteria that emphasizes agency-specific knowledge and case experience."

40. The Complainant thoroughly and specifically addresses the proficiencies in SA Antonaras' promotion package submission in detail in her sworn affidavit. She demonstrated that Antonaras was not more deserving of a promotion than her. Specifically, unlike her, Antonaras did not have twenty (20) years experience as a Special Agent, 14 years at the GS-12 level. SA Antonaras does not hold an advance education degree. SA Antonaras has not served as the SED Evidence Custodian, SED Property Custodian, SED Inventory Custodian, SED Training Officer, Federal Air Marshal after 9/11, Deemed Export Coordinator, EEOAC Committee Member, EEO Counselor, SCERS Agent, CALEA Accreditation Manager and Team Leader for the SED Administrative Support Staff. Complainant has all of the above listed

9

experience in addition to performing her Special Agent duties and investigative responsibilities. Also Complainant participated in several task force investigations in various capacities including the undercover agent, as well as the lead case agent. Complainant has worked with Assistant U.S. Attorneys from multiple districts and testified before the Federal Grand Jury resulting in successful prosecution.

## EXHAUSTION OF REMEDIES

41. Plaintiff exhausted all administrative requirements that apply to the processing of her complaints, including the filing of complaints with the Agency's EEO office.

## STATEMENT OF CLAIM

COUNT I: Sex Discrimination in Violation of Title VII

42. Plaintiff adopts and incorporates by reference paragraphs 1-40 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected her to discrimination on the basis of her sex (female) when the Agency denied her a career ladder promotion from a ZA-III Criminal Investigator position to a ZA-IV Criminal Investigator position.

43. As a result of the Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, physical injury, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorney fees, the costs of this litigation, and accrued interest.

COUNT III: Retaliation for Engaging in Activities Protected by Title VII.

44. Plaintiff adopts and incorporates by reference paragraphs 1-42 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, retaliated against her for his opposition to Defendant's unlawful employment practices and her participation in protected activity and the EEO process. The Agency retaliated against her for engaging in activities protected by Title VII when they Agency denied her a career ladder promotion from a ZA-III Criminal Investigator position to a ZA-IV Criminal Investigator position.

45. As a result of the Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, physical ailments such as heart problems, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Enter judgment for Plaintiff against Defendant;

B. Declare that the conduct of Defendant is in violation of Title VII;

C. Order the Agency to retroactively promote to a ZA-IV Criminal Investigator position;

D. Award Plaintiff back pay and performance awards equal to those of similarly situated employees.

E. Award Plaintiff compensatory damages for the injuries and losses that she suffered in an amount to be proven at trial;

F. Order Defendant to pay all reasonable attorney fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's actions and inactions, as well as pre-judgment and post-judgment interest;

G. Order the Agency to expunge her record of negative personnel information; and

H. Order such other equitable and legal relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff requests a trial by a jury of her peers as to the claim set forth in this Complaint.


Kelly L. Moran Kalamas
By Counsel

Respectfully submitted,

*s/a Rosemary Dettling*　　　　　　　　　　　　　　　　October 15, 2015
Rosemary Dettling, Esq.　　　　　　　　　　　　　　　Date
DC Bar No. 441483
Federal Employee Legal Services Center
3120 Brandywine Street, NW
Washington, DC 20008
Tel. 202-390-4741
Fax. 202-379-9772
rdettling@felsc.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

Plaintiff certifies that on this the 15th day of October 2015, the Complaint and Summons were sent to the following parties by certified mail:

Vincent H. Cohen, Jr.,
United States Attorney
 for the District of Columbia
c/o Civil Process Clerk
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Penny Pritzker, Secretary
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, D.C. 20230

Loretta E. Lynch,
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530